Mr. Justice Nott
delivered the opinion of the court:
One of the first rules of pleading is, that the proof must correspond with the allegations. To allege one thing and prove another, would be as far from leading to any conclusion in law as in logic. A person comes into court, prepared only to defend himself against the particular charge alleged against him ; and that principio pervades all description of cases, whether criminal or civil. Life and property would be equally insecure, were there any other rule to prevail. Proof of a promise therefore made to an executor, does not support the allegations of a promise to his testator. The authorities are so numerous and strong, that they preclude all reasoning on the subject.— The case of Dean & Crane, (1 Salk. 23,.) is directly in point. The. plaintiff declared as executor on a promise to testator. The defendant pleaded non assumpsit infra sex annos, and upon the trial of the issue, it appeared that there was a new promise made within six years, but it was a promise made to the plaintiff himself, and not to the testator : et per curiam — he should have declared accordingly. (See also Green & Crane, 2 Lord Ray. 110. Jones, et. al. Ex’ors of Vester vs. Moor, Administrator of Gray, 5 Binney, 573. Ballantine On Lim. 189. Sarell, Adm’r vs. Wine, 3 East, 408.)
With regard to the amendment of the declaration, this court concurs with the presiding Judge that the motion came too late after the cause had gone to, the jury ; and this court has not been in the habit of reversing the order or decision of the court below, where it was correct. If there had been any ground on which the cause could have been sent hack, it is probable the motion to amend *214 might have been granted ; but, under the circumstance!? of this case, both motions must be refused.
O’Neal 8? Irby, for the motion.
Downs, contra.
Justices Johnson, Huger, Gantt, Richardson and' Colcoch, concurred.